BOUDENS ET AL. *v.* KÖRBER ET AL.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 786.—Resuelto en abril 12, 1912.

ORDENES INAPELABLES—INJUNCTION—ANULACIÓN DE FIANZA.—Una orden en virtud de la cual se declara nula la fianza prestada para expedir una orden de entredicho y por la que se suspende el entredicho hasta que se constituya nueva fianza, es una resolución inapelable, y este tribunal carece de jurisdicción para resolver el recurso interpuesto contra dicha orden.

INJUNCTION—ENTREDICHO—CAUTELA EN CONCEDERLOS.—Aun cuando el entredicho sólo tiene de vida el breve término que transcurre hasta que la corte concede o deniega el *injunction* preliminar o definitivo, sin embargo, tales entredichos deben decretarse por las cortes con gran cautela y por consiguiente, no parece propio que se decreten en aquellos casos en los cuales los actos que se tratan de impedir o de prohibir han venido relizándose por bastante tiempo antes.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. López Landrón, Rincón y Francis.*

Abogados de los apelados: *Sres. Herminio Díaz Navarro y Alvarez Nava y Domínguez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Doña Luisa Boudens presentó en 6 de junio de 1911 ante la Corte de Distrito de Humacao una demanda, que luego enmendó en doce del mismo mes, en la que alegó ser dueña de cierta finca que tenía dada en arrendamiento a Don Guillermo Körber desde el 21 de junio de 1906, que luego éste subarrendó a la corporación Yabucoa Sugar Company; que a poco de otorgado el arrendamiento los demandados destinaron la finca a usos no pactados convirtiéndola en un predio sirviente para beneficio de otras fincas, mediante la construcción y tendido de una vía férrea definitiva a través de ella, sirviendo desde entonces la finca de tránsito diario al ferrocarril cuyo derecho de servidumbre o tránsito estima

en $20,000 por una década; y concluyó pidiendo a la corte declarara rescindidos los contratos de arrendamiento y subarriendo y que los demandados sean condenados a pagarle $10,000 como daños y perjuicios.

Como consecuencia de esa demanda y basándose en ella se presentó por Doña Luisa Boudens una solicitud de *injunction* preliminar, para que desde luego y para lo sucesivo se abstengan los demandados de permitir que circule el mencionado tren por la finca de la demandante.

La resolución de la corte a esta petición la conocemos por el mandamiento expedido al márshal y firmado por el juez, en el que se dice que en vista de la petición que aparece notificada a la corporación Yabucoa Sugar Company, y de lo dispuesto en la sección 8ª. de la ley para definir *injunctions* aprobada en 8 de marzo de 1906, ordenaba que los demandados comparecieran ante la corte el día 28 de junio de 1911 a exponer causas por las que no debía concederse el *injunction* solicitado, y ordenado además que los demandados quedasen en entredicho, prohibiéndoles la circulación de los trenes, cuyo estado de entredicho y prohibición subsistiría hasta nueva orden de la corte, y que la demandante prestase fianza a favor de los demandados por $4,000.

Se prestó una fianza y el día 28 que era el señalado para exponer razones por las que el *injunction* solicitado no debía expedirse, se presentaron los demandados, por sus abogados, con varias mociones, una del Sr. Körber alegando que el entredicho debía suspenderse por no haberse otorgado la fianza ni en su fondo ni en su forma de acuerdo con la ley; otra de la Yabucoa Sugar Company alegando que el juramento de la demanda y de la solicitud de *injunction* era nulo; y otra de esta misma corporación por la que excepciona la suficiencia de los fiadores que suscriben la fianza, por el fundamento de que carecen de bienes bastantes para responder; y, por último, otra más de la propia corporación impugnando la fianza por la forma en que había sido redactada.

El juez, después de hacer algunas consideraciones, resolvió en 28 de junio lo siguiente:

"La corte, por tanto, debe declarar y declara nula y sin valor la fianza prestada por Temístocles Díaz y Natalio Mora para este caso, dejando sin efecto el *restraining order to show cause* dictado en 19 de junio de 1911, hasta que la parte demandante proceda a prestar dos fianzas, una a favor de Guillermo Körber Garké y otra a favor de la Yabucoa Sugar Company por la cantidad de cuatro mil dollars cada una, con arreglo a los requisitos de ley, debiendo asimismo procederse a hacer una nueva notificación en el *restraining order to show cause,* la cual se considerará enmendada en su parte dispositiva, en lo que respecta a la fianza de acuerdo con esta resolución, con costas a favor de los demandados."

Contra esta resolución interpuso la parte demandante el presente recurso de apelación.

De lo expuesto puede verse fácilmente, que la orden apelada lo único que hizo fué declarar nula la fianza que se había prestado y dejar sin efecto, o en suspenso, el entredicho decretado en 19 de junio anterior, en tanto en cuanto la parte demandante no presentara otra fianza en el número y con las condiciones mencionadas en esa orden. La orden de 19 de junio quedó suspendida mientras là demandante presentara nueva fianza y por tanto quedaron las partes en el mismo estado en que se encontraban cuando se expidió la orden que concedió el entredicho; y el único alcance que tuvo la orden recurrida fué el rechazar la fianza que se había prestado y exigir que se prestara otra con ciertos requisitos.

No existe en nuestro Código de Enjuiciamiento Civil disposición alguna que conceda el derecho de apelación contra una orden como la de 28 de junio, que lo único que hizo, como ya hemos dicho, fué anular la fianza, y por tanto carecemos de jurisdicción para resolver esta apelación.

Antes de terminar esta opinión queremos consignar que, aunque el entredicho no tiene más vida que los pocos días que generalmente transcurren hasta que la corte después de oir las razones que exponga la parte demandada resuelva decre-

tar o nó el *injunction* preliminar o definitivo, según sean los casos ,sin embargo, tales entredichos deben decretarse por las cortes con gran cautela y por consiguiente no parece propio que se decreten en aquellos casos en los cuales los actos que se trata de impedir o de prohibir han venido realizándose por bastante tiempo antes.   La apelación debe ser · desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.   ·