JOSÉ ENRIQUE VALEDÓN, demandante y apelado, *v.* ERNESTO FERNÁNDEZ y ROYAL INDEMNITY COMPANY, demandados apelantes.

Número 11559.

*Sometido:* 8 de noviembre de 1955. *Resuelto:* 26 de junio de 1956.

*Antonio J. Amadeo* y *Fernando Fornaris, Jr.,* abogados, respectivamente, de los apelantes; *F. Fernández Cuyar,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Se trata de una apelación de una compañía aseguradora por una imposición de honorarios, que nos solicita el demandante y apelado, que desestimemos por falta de méritos. Anteriormente desestimamos la apelación del codemandado señor Ernesto Fernández sobre la responsabilidad del accidente, porque entendimos que la misma era totalmente frívola: *Valedón* v. *Fernández,* 78 D.P.R. 257 (Pérez Pimentel), (1955), cita precisa a la pág. 261.

Los dos únicos errores señalados por la aseguradora Royal Indemnity Company, en cuanto a la imposición de honorarios, son los siguientes: (1) que habiendo aceptado la aseguradora apelante su responsabilidad en el accidente y habiendo consignado el importe de la póliza, antes de dictarse sentencia, aunque después de haber contestado negando su responsabilidad, no actuó temerariamente en este caso, y no debe ser condenada a pagar honorarios de abogado y (2) que los honorarios de abogado les fueron impuestos a la aseguradora exclusivamente y no al asegurado y a la aseguradora solidariamente.

En cuanto al primer error señalado, la aseguradora apelante trata de distinguir este caso de los hechos envueltos en nuestra decisión en el caso de *Soto* v. *Lugo,* 76

D.P.R. 444, (Ortiz), (1954), cita precisa a las págs. 448 y 449, en la cual resolvimos:

"En el caso de autos los demandados admitieron su negligencia siete días antes de la celebración de la vista del caso en sus méritos, a través de una contestación enmendada, pero no lo hicieron en su contestación original. Esta es precisamente la modalidad especial de este caso. Uno de los propósitos de autorizar la imposición de honorarios de abogado en casos de temeridad es el de establecer una penalidad a un litigante perdidoso que en virtud de su terquedad y de su insistencia en una actitud desprovista de fundamento, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencia de un litigio. *O'Neal* v. *Spivey*, 145 S.E. 71. Al radicar su contestación original los demandados habían tenido una oportunidad adecuada de investigar los méritos del caso y llegar a conclusiones sobre la cuestión de negligencia. Estaban en condiciones adecuadas para admitir la negligencia al radicar su contestación original. Al no admitirla por lo menos al presentar su contestación original, ellos no tenían justificación objetiva alguna para tal omisión, prolongaron la duración del litigio y causaron gastos y molestias innecesarias al demandante. Fué correcto el criterio del tribunal sentenciador al resolver que los demandados habían sido temerarios, y al condenarlos a pagar honorarios de abogado. [6] El hecho de que la admisión de negligencia se produjo siete días antes del juicio, pudo haber sido un factor relevante en cuanto a la cuantía de los honorarios, desde el punto de vista del grado de culpa de los demandados. Pero considerando la totalidad de las circunstancias envueltas en este caso, fué razonable la suma fijada de $500 para honorarios de abogado.

Debe confirmarse la sentencia apelada."

La distinción se basa, principalmente, en cierta divergencia de criterio, en cuanto a la responsabilidad, entre asegurado y compañía aseguradora. Parece que la compañía aseguradora quería pagar y el asegurado se negaba a pagar, por entender que no era responsable del accidente. Fuera por lo que fuera, la compañía aseguradora contestó la demanda negando ella también responsabilidad y estableciendo ciertas defensas especiales. No fué hasta el momento de la conferencia anterior al juicio que aceptó su res-

ponsabilidad, y todavía durante el juicio, condicionó su consignación del importe de la póliza, a que la misma fuera aceptada por la oficina principal de la aseguradora en la ciudad de Nueva York.

Para nosotros es claro que esta conducta no debe ser favorecida, máxime en un caso como éste, en que la negligencia es manifiesta. Cuando una compañía aseguradora, después de realizada la correspondiente investigación, llega a la conclusión que el caso es claramente compensable, debe informarlo así, en la primera alegación que radique ante el tribunal, independientemente de cuál pueda ser el criterio de su asegurado, si quiere librarse de los efectos de la temeridad.

En cuanto al segundo error señalado, se trata de un simple error de redacción. La imposición de honorarios se hizo conjuntamente a ambas partes. Por su propia naturaleza resulta una obligación solidaria.

*Se desestima la apelación de la codemandada Royal Indemnity Company en cuanto a la imposición de honorarios de abogado.*