UNITED STATES CASUALTY COMPANY, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. J. M. CALDERÓN, JR., JUEZ, demandado.

*Número:* C-63-70      *Resuelto:* 21 de enero de 1964

---

*Emilio De Aldrey,* abogado de la peticionaria; *Carmelo Avila Medina,* y *Roberto Avila Rivera,* abogados del interventor.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: En 9 de septiembre de 1957 el Administrador del Fondo del Seguro del Estado para beneficio de los obreros Silvestre Nieves Vázquez y Jovino Luna Torres interpuso demanda de daños en la Sala de San Juan del Tribunal Superior, contra la aquí peticionaria U.S. Casualty Co., y otros, como consecuencia de un accidente de automovil. La peticionaria compareció negando todos los hechos de la demanda y alegó como defensa especial que el límite de su póliza era $2,500 y ella lo había agotado en una transacción con otras personas perjudicadas en el mismo accidente y que al hacer la transacción ella no tenía conocimiento de que existieran otros reclamantes. Solicitó sentencia declarando sin lugar la demanda en cuanto a ella con imposición de honorarios de

abogado. Más tarde, pidió a la Sala sentenciadora juicio por separado en cuanto a la anterior defensa especial.

En 15 de abril de 1958 la Sala dictó sentencia declarando con lugar el planteamiento y desestimó la demanda en cuanto a la peticionaria. Después de una moción de reconsideración y de varios trámites posteriores, incluyendo la presentación de alegatos y la toma de interrogatorios, la Sala sentencia dora, en 20 de febrero de 1961 dictó resolución desestimando la defensa especial por entender que la peticionaria era responsable a los demandantes, y concluyó que al agotar el límite de su responsabilidad en transacción con otras personas la peticionaria actuó en desconocimiento del derecho de los demandantes de acuerdo con la prueba de que ella disponía. Ante una moción de reconsideración la Sala sentenciadora ratificó su anterior criterio.

No conforme, la peticionaria trajo ante este Tribunal el *certiorari* 2858 para revisar dicho fallo. Expedimos el auto y después de considerado el asunto en sus méritos, dictamos sentencia en 4 de marzo de 1963 confirmando la resolución revisada. 87 D.P.R. 576. En nuestra sentencia dispusimos que la peticionaria continuara en el pleito como parte codemandada, determinándose en su día la responsabilidad suya bajo la póliza, así como la participación en dicha póliza de los demandantes.

En la continuación del caso compareció la peticionaria ante la Sala sentenciadora en 18 de julio de 1963 y consignó la cantidad de $2,500 límite total de su póliza. Pidió que en virtud de dicha consignación se le eliminara como parte demandada en el pleito. Al día siguiente los demandantes solicitaron que se impusiera a la peticionaria honorarios de abogado, a lo cual hubo oposición. En 13 de agosto de 1963 la Sala sentenciadora dictó resolución ampliamente fundamentada imponiéndole a la peticionaria $500 de honorarios de abogado. Para revisar dicha resolución expedimos el auto en el presente recurso.

Después de una exposición que cubre los anteriores hechos, dijo la Sala sentenciadora en parte:

"Alega la co-demandada United States Casualty Co. que no se le debe condenar al pago de honorarios porque en la sentencia del Tribunal Superior no hubo condenación de honorarios de abogado, y al revisar dicha sentencia el Hon. Tribunal Supremo tampoco impuso condenación de honorarios de abogado. No tiene razón dicha co-demandada.

"El Tribunal juzgador en ningún momento ha dictado sentencia en este caso. Lo que dictó fue una resolución de fecha 20 de febrero de 1961, mediante la cual resolvió que la co-demandada United States Casualty Co., no ejercitó una cuidadosa consideración de la situación envuelta en la posible reclamación de los co-demandantes, cuando hizo la transacción respecto a las demás personas lesionadas en el accidente.

"Obviamente en esta resolución el Tribunal no podía condenar a la co-demandada United States Casualty Co. al pago de honorarios porque el caso no había sido terminado, lo que resolvió el Tribunal mediante la resolución mencionada fue un incidente dentro del caso, por esa razón el Hon. Tribunal Supremo tampoco podía imponer honorarios de abogado.

"En el caso de Soto v. Lugo, 76 D.P.R. 445, Nuestra Superioridad en relación con la temeridad de una parte expuso la siguiente doctrina:

'La admisión por un demandado de su negligencia y responsabilidad, en un caso de daños y perjuicios días antes del juicio, luego de haberlas irrazonablemente rechazado al radicar su contestación original a la demanda, es un factor relevante en cuanto a la cuantía de los honorarios en que pueda ser condenado a pagar, desde el punto de vista de su culpa o temeridad en el pleito.'

"Y en Zalduondo v. Méndez dijo:

'La concesión de honorarios de abogados es imperativa cuando la parte perdidosa ha sido temeraria.'

"Asimismo expuso en Valedón v. Fernández, 79 D.P.R. 495:

'En acción de daños y perjuicios contra un asegurado y su aseguradora, ésta se libra de los efectos de la temeridad tan sólo si luego de realizar su investigación del accidente y llegar

a la conclusión de que el caso es compensable lo informa así en la primera alegación que radica en el tribunal, independientemente de cuál pueda ser el criterio del asegurado.'

"De acuerdo con lo expuesto anteriormente el Tribunal considera que la co-demandada United States Casualty Co., ha sido temeraria al defenderse de la reclamación instada en el caso de epígrafe, y procede se condene al pago de honorarios. Se condena a la co-demandada United States Casualty Co., a pagar la suma de $500.00 por concepto de honorarios de abogado."

La resolución revisada es correcta en derecho. La solicitud de la peticionaria para que se le eliminara como parte envolvía el dictar sentencia *final* en cuanto a ella y el Tribunal podía considerar una petición sobre honorarios de abogado. Si bien es cierto que la peticionaria nunca llegó a litigar en los méritos los hechos del accidente, no obstante opuso objeción a la reclamación de los demandantes y trató de derrotarla. Obligó a éstos a litigar en su defensa, tanto en el Tribunal Superior como ante este Tribunal en el *certiorari* 2858. Según apunta la Sala sentenciadora y así surge del récord, al transigir los casos la peticionaria tenía información de todas las personas *lesionadas* en el accidente. Aun cuando en ese momento ignorara que el caso de los demandantes podía ser uno de accidente del trabajo, sí sabía que éstos eran lesionados y podían ser reclamantes de una manera o de otra. El agotar el límite de su póliza transigiendo con algunos de los perjudicados fue su propia actuación. Invocarla como defensa especial contra la demanda y obligar a los demandantes a vencerla en juicio acusa temeridad. Los casos que cita la peticionaria, particularmente el de *Santaella Negrón* v. *Licari*, 83 D.P.R. 887 (1961), no son de estricta aplicación. En las circunstancias expuestas no creemos tampoco que la cuantía en honorarios fijada en $500 sea irrazonable o exorbitante.

*Se anula el auto de certiorari expedido, y se devuelven los autos para que se dicte la sentencia eliminando a la peticionaria del pleito con imposición de honorarios de abogado*

*en la cantidad de $500, y para otros procedimientos ulterio-*
*res compatibles con lo aquí dispuesto.*