# 2001 DTA 181

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II DE BAYAMON, PANEL I

PEDRO M. GONZALEZ SANCHEZ
Demandante-Recurrido

v.

SANTOS PADRO PEREZ, ANA M. NAZARIO PIETRI Y LA SOCIEDAD LEGAL
DE GANANCIALES COMPUESTA POR AMBOS
Demandados-Peticionarios

Núm. KLCE-01-00422

San Juan, Puerto Rico, a 24 de mayo de 2001

Panel integrado por su Presidente, el Juez Sánchez Martínez,
la Juez Cotto Vives y la Juez Ramos Buonomo

Sánchez Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Presentada por el codemandado A y denegada por el magistrado I una moción de sentencia sumaria, ¿puede el codemandado B, emplazado después de haberse resuelto aquella moción, reproducir a través del mismo abogado que representa a A, la misma moción de sentencia sumaria, pero, esta vez, ante el magistrado II? ¿Procede la imposición de una sanción económica de $500 al abogado de una parte por haber reproducido así la moción de sentencia sumaria?

El señor Pedro M. González Sánchez, abogado desaforado por el Tribunal Supremo en *In re: Boscio Monllor,* 116 D.P.R. 692 (1985), presentó una demanda, por derecho propio, en contra del señor Santos Padró Pérez, la señora Ana M. Nazario Pietri y la sociedad de bienes gananciales compuesta por ambos.

Después de ser emplazada, la señora Nazario Pietri presentó el 9 de febrero de 2000 una moción de sentencia sumaria por conducto de su abogado, Lcdo. Ricardo Carrillo Delgado, en la cual alegó que el contrato en el que se basaba la reclamación, era nulo. Sostenía que su objeto había sido el asesoramiento legal a los demandados en cuanto a una acción por daños y perjuicios litigada en un tribunal del país y el demandante González Sánchez no estaba autorizado a ejercer la profesión de abogado en Puerto Rico.

El demandante González Sánchez se opuso, por derecho propio, a la moción de sentencia sumaria por el fundamento de que él no había pactado un contrato de servicios profesionales, sino un contrato de asesoramiento como perito economista para evaluar la prueba pericial de daños, como, por ejemplo, los cómputos de lucro cesante y pérdida de ingresos. Incluyó varios documentos y, entre ellos, el *"acuerdo de consultoría"*.

El 17 de marzo de 2000, mediante escueta resolución que expresa que *"existe controversia de hechos",* el Tribunal de Primera Instancia, por voz del Hon. Manuel Bravo Gatell, denegó la moción.

Después de esta resolución, el señor Padró Pérez fue emplazado. Entonces, contrató al mismo abogado, Lcdo. Ricardo Carrillo Delgado, quien contestó la demanda, y el 1ro. de noviembre de 2000, presentó una

nueva moción de sentencia sumaria idéntica en sus fundamentos a la presentada a nombre de la señora Nazario Pietri.

El demandante González Sánchez se opuso, por derecho propio, a la moción de sentencia sumaria basándose en que se trataba de una moción predicada en las mismas alegaciones que la presentada originalmente por *"la codemandada Nazario Pietri y, aunque admitió que él no era parte en el pleito cuando se presentó la primera moción de sentencia sumaria, la resolución anterior constituía "cosa juzgada"* oponible a él.

El 28 de febrero de 2001, el Hon. Héctor Cordero Vázquez, un juez distinto, pero de la misma jerarquía del juez anterior, denegó la moción con la siguiente resolución:

*"En cuanto a su moción, en primer lugar NO HA LUGAR; ya se había resuelto similar moción el 17 de marzo de 2000. En su moción reciente, el mismo abogado repite casi palabra por palabra la anterior que fue resuelta por otro juez. Ha involucrado innecesariamente los recursos del tribunal para volver a considerar los mismos planteamientos ya resueltos, en adición a causarle al demandante gastos innecesarios. Ello verifica temeridad en la presentación de esta (redundante) moción.*

*En segundo lugar y como resultado de lo primero, se le imponen $1,000 de honorarios de abogado. Ahora aténgase."* [Bastardillas nuestras.]

El codemandado Padró Pérez solicitó la reconsideración de esta resolución a base, en esencia, de que la primera moción de sentencia sumaria había sido presentada por un codemandado distinto ante un juez diferente; que una parte que es traída por primera vez a un pleito tiene derecho a presentar sus defensas y a promoverlas sin temor a ser penalizado, aunque las mismas hubiesen sido planteadas y rechazadas anteriormente por otro juez; que el actual juez no está obligado a resolver, respecto al nuevo litigante, del mismo modo que lo hizo el magistrado anterior; que los fundamentos invocados en la nueva moción de sentencia sumaria son correctos porque el contrato de servicios profesionales en que se funda la demanda, es nulo, ya que el demandante fue desaforado como abogado; y que el nuevo litigante no fue temerario al así plantearlo. El demandante González Sánchez se opuso, por derecho propio, a esta moción de reconsideración.

El tribunal *a quo* denegó la solicitud de reconsideración, pero redujo la cuantía para honorarios de abogado a $500.

En su petición de *certiorari*, el codemandado Padró Pérez se limitó a cuestionar la imposición de los $500 para honorarios de abogado por temeridad. En el mismo le imputa dos errores al tribunal sentenciador: (1) penalizar a un litigante nuevo en el pleito por presentar, mediante moción de sentencia sumaria, el mismo planteamiento que había sido denegado previamente por otro magistrado ante una moción similar de otro litigante, y (2) imponer el pago de honorarios de abogado en etapa interlocutoria sin que éstos estén autorizados por la Regla 44.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 44.2, y sin que haya mediado conducta temeraria de su parte. A pesar de que le requerimos a la parte recurrida que compareciese a mostrar causa, si tenía, por la cual no debía expedirse el auto y revocar la resolución recurrida, ésta no ha comparecido. Procede, pues, por los fundamentos que prosiguen, expedir el auto y revocar la resolución recurrida.

Mediante el primer señalamiento de error, el peticionario Padró Pérez plantea que no debe ser penalizado por presentar en su moción de sentencia sumaria los mismos fundamentos que fueron rechazados por una resolución anterior de otro juez respecto a una moción de sentencia sumaria presentada previamente por otro litigante en una época en que él no era parte aún.

Comenzaremos por hacer notar que el primer juez que intervino en la adjudicación de la primera moción de sentencia sumaria, no cumplió lo dispuesto en la Regla 36.4 de Procedimiento Civil a los efectos de que *"el tribunal determinará los hechos materiales sobre los cuales no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos"* y que, *"al emitir su resolución, dictará inmediatamente una orden especificando los hechos sobre los cuales no hay controversia sustancial"*, de manera que *"[a]l celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad"*. ▇

De la escueta resolución inicial era difícil, sino imposible, determinar si aquella moción de sentencia sumaria había servido para esclarecer los hechos que no estaban en controversia y cuáles permanecían controvertidos. Es probable que de haberse descargado esta obligación, el peticionario Padró Pérez hubiese quedado persuadido respecto a la posibilidad de éxito de otra moción similar ante un subsiguiente juez.

Por tal razón, no era evidente que la moción de sentencia sumaria careciera de méritos, si no para terminar anticipadamente el pleito, al menos para definir las controversias: El peticionario Padró Pérez podía suponer que, no habiendo sido parte anteriormente en el litigio y estando el caso asignado a un juez diferente, el entendimiento de éste acerca del problema juráldico que planteaba la moción de sentencia sumaria podía ser distinto y propiciar, no sólo que se resolviera el asunto a su favor, sino, incluso, que dejara sin efecto la resolución del juez anterior. Recuérdese que, como regla general, *"un segundo juez no está irremisiblemente obligado a mantener incólume la decisión de un primer juez de igual nivel dentro del mismo caso"*. *Torres Cruz v. Municipio de San Juan*, 103 D.P.R. 217, 222 (1975). Esta norma aplica incluso entre paneles del Tribunal de Circuito de Apelaciones. *Bco. Bilbao Vizcaya v. Mun. de Vega Baja*, 152 D.P.R. __ (2001), **2001 J.T.S. 63**. Así, pues, reproducir el planteamiento hecho ante otro juez cuando él no era parte aún en el pleito, no era, en las circunstancias específicas de este caso, un proceder temerario.

Mediante el segundo señalamiento de error, el peticionario Padró Pérez plantea que era improcedente la imposición de honorarios de abogado por temeridad a una parte que no es el Estado.

La imposición de honorarios de abogado por temeridad se rige por la Regla 44.1 (d) de Procedimiento Civil, *supra*, la cual dispone que *"[e]n caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta"*. Así, pues, al amparo de esta regla, no procede la imposición de honorarios de abogado por temeridad al denegar una moción de sentencia lumaria que no constituye una sentencia final porque no pone, ni puede poner fin al pleito. Como se sabe, una resolución interlocutoria, por su propia definición, no es una sentencia y, por consiguiente, no puede dar lugar a la imposición de honorarios de abogado por temeridad. *Cf., U.S. Casualty Co. v. Tribunal Superior*, 89 D.P.R. 785 (1964).

El peticionario Padró Pérez argumenta que la Regla 44.2 de Procedimiento Civil, *supra*, tampoco es fuente de responsabilidad para la imposición de honorarios de abogado, pues, aunque autoriza la imposición de costas interlocutorias para beneficio del Estado, los honorarios no están comprendidos en el concepto de *"costas"*. *Colondrés Vélez v. Bayrón Vélez*, 114 D.P.R. 833, 839 (1983). Y, ciertamente, ésta parecería constituir una proposición correcta del derecho si no fuera porque el Tribunal Supremo ha interpretado que las sanciones interlocutorias que autoriza imponer la Regla 44.2 a favor del Estado son extensivas a los honorarios de abogado y también pueden ser para beneficio de una parte. *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 D.P.R. 679, 687-88 (1987).

La verdadera razón por la cual es errónea la resolución recurrida, es porque el demandante González

Sánchez comparece en este pleito por derecho propio y no por abogado. La concesión de una partida de honorarios de abogado es para resarcir de algún modo el costo que representa el esfuerzo adicional que le impone al abogado de una parte la conducta impropia del otro litigante. De manera que un litigante que comparece al pleito *pro se,* no tiene derecho a compensación alguna por honorarios de abogado, *Smith v. DeBartoli,* 769 F.2d 451, 453 (1985), *cert.* den., 475 U.S. 1067 (1986), ni siquiera cuando la parte misma es un abogado o abogada. *Cf., Kay v. Ehrler,* 499 U.S: 432 (199 1). Como estamos autorizados a revocar un dictamen patentemente erróneo por un fundamento distinto al aducido por la parte recurrente, se expide el auto y se revoca la resolución recurrida.

Con estos antecedentes, se expide el auto y se revoca la resolución recurrida.

Lo acordó y manda el Tribunal y lo certifica la señora Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

### ESCOLIO 2001 DTA 181

1. El actual juez recurrido tampoco descargó la obligación impuesta en la citada Regla 36.4, *supra.*